# RILEY *v.* MATTINGLY.*

PLEADING; AFFIDAVITS; ACCOUNTS STATED; REASONABLE TIME.

1. A plaintiff's affidavit must be direct and unequivocal to warrant the en-

---

*Account Stated.*—For cases upon the question of the effect of retaining statement of account to render it an account stated, see note to *Shaw*

D. C.]                    Statement of the Case.

forcement of the 73d rule, which has the effect of depriving the defendant of a trial on the merits (citing *St. Clair* v. *Conlon*, 12 App. D. C. 163); but an affidavit of defense filed thereunder is sufficient to prevent the entry of summary judgment, if, taken as a whole, it convinces the court that it was made in good faith, and presents substantial reasons why the rule should not be enforced. (Citing *Codington* v. *Standard Bank*, 40 App. D. C. 409.)

2. An account rendered, and not objected to within a reasonable time, is to be regarded as admitted by the party charged, to be prima facie correct, and may not be impeached save for fraud, error, or mistake. Citing *Gordon* v. *Frazer*, 13 App. D. C. 382.)

3. The question as to what constitutes a reasonable time during which an account rendered may be retained without objection before it becomes an account stated is one of law in the Federal courts where the facts are clear.

4. The retention of an account rendered for eight months without objection is unreasonable, and transforms it into an account stated.

5. A debtor's contention that his creditor's bill is too high raises merely a question of measure of liability, which is not a defense after the bill has become an account stated.

No. 2648. Submitted April 8, 1914. Decided May 4, 1914.

HEARING on an appeal by the defendant from a judgment for plaintiffs in the Supreme Court of the District of Columbia, under the 73d rule, for want of sufficient affidavit of defense.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiffs, William F. Mattingly and Walter C. Clephane, appellees here, in the supreme court of the District under the 73d rule, the declaration containing the general counts and, as a part thereof, a count upon an account stated.

The account filed with the declaration, under the head of particulars of demand, contained a charge of $1,400 for personal services rendered the defendant, William W. Riley, by

v. *Lobe*, 29 L.R.A.(N.S.) 334. As to what constitutes an account stated, note to *Vanbebber* v. *Plunkett*, 27 L.R.A. 811.

the plaintiffs at his request in filing and prosecuting to a final decree a certain equity cause in the supreme court of the District. The defendant was credited with $200, which the account states was the retaining fee paid by him, leaving the balance due of $1,200. In their affidavit plaintiffs, among other things, state that there was no agreement as to the amount of their compensation; that the fee charged is reasonably low and just and fair to the defendant; that the defendant paid a retaining fee of $100 to the plaintiff Mattingly and a like fee to the plaintiff Clephane; that on the 1st day of March, 1913, or approximately eight months before the suit was instituted in November, 1913, they mailed to the defendant "a bill for said services in the amount of said balance of twelve hundred ($1,200) dollars, the receipt of which he acknowledged, and did not dispute the amount, and promised to attend to same," which he did not do.

In his affidavit of defense the defendant admits that he employed the plaintiff Mattingly, but "that he never employed the plaintiff Walter C. Clephane, and if said plaintiff Clephane appeared for him at any condemnation hearing, he did so at the request of and representing the plaintiff Mattingly. That the claim of $1,400 for services   *   *   *   to have been rendered is unreasonable, and he requests that the matter as to the reasonableness be inquired into by a jury."

*Mr. Lawrence Koenigsberger,* for the appellant:

1. A sufficient ground of defense was set up by the allegation that the defendant never employed the plaintiff Clephane as his attorney. A joint action having been brought, neither of the plaintiffs was entitled to recover unless a joint right was established. Misjoinder of parties plaintiff is always fatal to the action, and may be shown under the general issue. *Snell* v. *Deland,* 43 Ill. 322, 326; *Ulmer* v. *Cunningham,* 2 Me. 117, 118; *Rogers* v. *Raynor,* 102 Mich. 473, 475; *Gerry* v. *Gerry,* 77 Mass. 381; *Rhoads* v. *Booth,* 14 Iowa, 575, 577.

2. The defendant was entitled to a trial upon the allegation

of his affidavit that the fee charged by the plaintiffs was unreasonable. *Gleason* v. *Hoeke,* 5 App. D. C. 1; *Prosise* v. *Phillips,* 41 W. L. R. 802; *Tredway* v. *Kennedy,* 153 Pa. 438.

3. The plaintiffs were not entitled to judgment under the 73d rule, because their affidavit did not support their declaration. *Ulmer* v. *Cunnningham,* 2 Me. 117, 118; *Robinson* v. *Scull,* 3 N. J. L. 317; *Sublett* v. *Noland,* 5 Mo. 516, 518.

4. The present action was not a proper one for the application of the 73d rule. *Deane* v. *Echols,* 2 App. D. C. 522, 528; *Vanbebber* v. *Plunkett,* 26 Or. 562; *Burlingame* v. *Shelmire,* 12 N. Y. Supp. 655; *Wardner* v. *Pauly,* 141 Ill. 441, 445; *Matthews* v. *Hubbard,* 47 N. Y. 428; *Kent* v. *Phoenix Art Metal Co.* 69 N. J. L. 539; *Calwell* v. *Brown,* 103 Ill. App. 22; *Moses* v. *Taylor,* 6 Mackey, 255, 277; *McCormick Harvesting Co.* v. *Wilson,* 39 Minn. 467; *Strauss* v. *Hensey,* 7 App. D. C. 289, 294; *Booth* v. *Arnold,* 27 App. D. C. 287, 291.

*Mr. Alan O. Clephane,* for the appellees:

1. The affidavit of defense was clearly insufficient, either as a defense to the original cause of action, or as a defense to the account stated. *Cropley* v. *Vogeler,* 2 App. D. C. 28; *Durant* v. *Murdock,* 3 App. D. C. 114; *Gordon* v. *Frazer,* 13 App. D. C. 382; *Bryan* v. *Harr,* 21 App. D. C. 190; *Brown* v. *Ohio Nat. Bank,* 18 App. D. C. 598; *Bailey* v. *District of Columbia,* 4 App. D. C. 356; *Meyers* v. *Davis,* 13 App. D. C. 361; *Chapman* v. *Natalie Anthracite Coal Co.* 11 App. D. C. 386; *Gordon* v. *Frazer,* 13 App. D. C. 382; *Wash. Brew. Co.* v. *Cosgrove,* 34 W. L. R. 68.

2. A claim for attorneys' fees may properly become the basis of an account stated. *Kock* v. *Bonitz,* 4 Daly, 117; *Cobb* v. *Arundell,* 26 Wis. 553; *Martin* v. *Acker,* 16 Fed. Cas. 884; *Stein* v. *Stein,* 125 N. Y. S. 224; *Weigel* v. *Hartman Steel Co.* 51 N. J. L. 446; *Schutz* v. *Morette,* 146 N. Y. 137; *Powers* v. *New England Fire Ins. Co.* 68 Vt. 390; *Smith* v. *Cook,* 10 App. D. C. 487; *Wharton* v. *Cain,* 50 Ala. 408; *Crawford* v.

*Hutchinson,* 38 Or. 578; *Case* v. *Hotchkiss,* 37 How. Pr. 283; *Audley* v. *Jester,* 132 N. Y. S. 1061; *Pulliam* v. *Booth,* 21 Ark. 420; *King* v. *Rhoads & Co.* 68 Ill. App. 441.

3. Defendant was not entitled to a trial as to the reasonableness of the fee. *Patillo* v. *Allen-West Commission Co.* 131 Fed. 680.

4. An account rendered, and not objected to within a reasonable time, is to be regarded as admitted to be correct. *Ware* v. *Manning,* 86 Ala. 238; *Talcott* v. *Chew,* 27 Fed. 273; *McLaughlin & Co.* v. *United States,* 36 Ct. Cl. 138, 187; *Porter* v. *Price,* 80 Fed. 655; *Wiggins* v. *Burkham,* 77 U. S. 129; *Fleischner* v. *Kubli,* 20 Or. 328.

5. The declaration was sufficient to support an action on account stated. *Wiggins* v. *Burkham,* 77 U. S. 129; *Dewitt* v. *Porter,* 13 Cal. 171; *Lallande* v. *Brown,* 121 Ala. 513; *Manchester Fire Ass. Co.* v. *Fitzpatrick,* 120 Ill. App. 535; *Powers* v. *New England Fire Ins. Co.* 68 Vt. 390.

Mr. Justice ROBB delivered the opinion of the Court:

Inasmuch as the effect of the enforcement of the 73d rule is to deprive the defendant of a trial on the merits, the plaintiff's affidavit must be direct and unequivocal. *St. Clair* v. *Conlon,* 12 App. D. C. 163. The affidavit of defense, however, is sufficient to prevent the entry of summary judgment if, taken as a whole, it convinces the court that it was made in good faith and presents substantial reasons why the rule ought not to be enforced. *Codington* v. *Standard Bank,* 40 App. D. C. 409. Tested by these rules, did the court err in entering judgment in the present case?

An account rendered, and not objected to within a reasonable time, is to be regarded as admitted by the party charged to be prima facie correct, and may not be impeached save for fraud, error, or mistake. *Gordon* v. *Frazer,* 13 App. D. C. 382; *Talcott* v. *Chew,* 27 Fed. 273; *Rehill* v. *McTague,* 114 Pa. 82, 94, 60 Am. Rep. 341, 7 Atl. 224; *Shipman* v. *Bank of State,* 126 N. Y. 318, 12 L.R.A. 791, 22 Am. St. Rep. 821, 27 N. E.

371; *Louisville Bkg. Co.* v. *Asher,* 112 Ky. 138, 99 Am. St. Rep. 283, 65 S. W. 133. And in the Federal courts, when the facts are clear, it is a question of law as to what is to be regarded as a reasonable time. *Wiggins* v. *Burkham,* 10 Wall. 129, 19 L. ed. 885; *Standard Oil Co.* v. *Van Etten,* 107 U. S. 325, 27 L. ed. 319, 1 Sup. Ct. Rep. 178. Plaintiffs' affidavit of merit in the present case contains a statement that the account forming the basis of the action was held by the defendant for a period of eight months without being disputed in any way. This statement is not met or attempted to be met in the affidavit of defense. It is apparent, therefore, that the account rendered became an account stated. Since the affidavit of defense does not raise any question as to fraud, accident, or mistake, but merely questions the measure of liability, it is clear that no defense to the action has been stated. In other words, defendant merely says that plaintiffs' bill is too high. This averment raises no question of either accident or mistake.

Judgment affirmed, with costs.                    *Affirmed.*