## TALCOTT *v.* CHEW and another.

*(Circuit Court, S. D. Georgia, E. D.*   November Term, 1885.)

1. ACCOUNT—ACCOUNT RENDERED—EFFECT OF—OBJECTION.
   An account rendered, and not objected to within a reasonable time, is to be regarded as admitted by the party charged as *prima facie* correct.
2. SAME—REASONABLE TIME.
   Unless objected to within a reasonable time, and what constitutes such reasonable time is a question of law. an account rendered becomes an account stated, and cannot be impeached, except for fraud or mistake.
3. SAME—ACCOUNT STATED.
   A stated account, however. is not conclusive; but when it is admitted in evidence, the burden of showing its incorrectness is thrown on the other party.   He may prove fraud. omission. and mistake, and in these respects he is in no wise concluded by the admissions implied from his silence after it was rendered.
4. PRINCIPAL AND AGENT—FACTORS—SALE—ADVANCES—DISCRETION.
   While ordinarily factors are bound to obey all orders of their principal, yet when they have made large advances, or incurred expenses on account of consignments, the principal cannot, by any subsequent orders, control their right to sell at such a time as, in the exercise of a sound discretion, and in accordance 'with the usage of trade, they may deem best to secure indemnity to themselves, and to promote the interest of the consignor; they acting, of course, in good faith, and with reasonable skill.
5. SAME—COMMISSIONS—FORFEITURE—FRAUD—GROSS NEGLIGENCE.
   A factor, or other agent who is guilty of fraud, or gross negligence, in the conduct of his principal's business, forfeits all claims to commissions.
6. SAME—COMMISSIONS FROM BOTH PARTIES.
   Ordinarily a factor who takes commissions from his principal, who employs him to sell, would violate his contract. should he also take commissions from the person to whom he sells, but when it is clearly understood by all the parties that one who is paid commissions to sell cotton, is also to charge commissions from the buyer the transaction is not illegal.   This is especially true where he advances all the money to conduct the business himself, and looks to the sales for his reimbursement.[1]

At Law.
*Frank H. Miller* and *Chisolm & Erwin*, for plaintiff.
*H. Clay Foster* and *Lester & Ravenel*, for defendants.

SPEER, J.   Plaintiff brought suit in the superior court of Richmond county, for a balance of $3,028.44, for losses on cotton shipped to plaintiff on consignment, and on orders given to defendants to purchase cotton for spinners.   The defendants, at the appearance term, filed the plea of the general issue; and plaintiff, in vacation, amended his declaration, and declared for money paid out on account stated,

---

[1] See note at end of case.

as "per bill of particulars attached;" and the defendants, by amendment, interposed the plea of set-off for $7,679.22 cash, had and received by the plaintiff, for their use, and damages incurred by the alleged failure of the plaintiff to sell 640 bales of cotton for future delivery. At the trial term of the cause it was removed to this court. At April term, 1885, the case was referred to an auditor, Charles C. Jones, Jr., with instructions to hear and determine all questions of law and fact arising in the case, and to report his findings. At this November term, 1885, the auditor made his report. After allowing the defendants certain credits, he finds that there is due from the defendants to plaintiff $2,581.44, with interest from twentieth of September, 1881. To this report both parties except.

The plaintiff excepts because the auditor declined to give judgment for the full amount of the account stated; because of a variance between the plea of set-off and the proof submitted thereunder; and because the credits were allowed.

The material grounds of exception made by defendants are— *First*, that the auditor erred in finding anything, because the account sued on was not an account stated; and that the account was not proven by any competent or sufficient proof; *second*, that the auditor erred in not finding for defendants; that the auditor should have disallowed all commissions, because the plaintiff was an agent employed to sell the cottons of the defendants; that he took several lots of the same on his own account, or sold to himself, and thus forfeited his commissions as a factor; *third*, that the auditor erred in finding that the plaintiff was not obliged, by his contract with the defendants, when instructed so to do, to sell future contracts against the lot of 640 bales of cotton which had been already received on consignment by the plaintiff; *fourth*, and that the auditor also erred in finding that the defendants, by their subsequent dealings, had ratified this refusal to sell for future delivery.

On the hearing it was agreed by counsel that the issues involved should be determined by the court without the intervention of a jury.

I do not regard the exceptions of the plaintiff as material. It is true that the plaintiff's claim must properly be considered, an account stated. On September 20, 1881, the account sued on, being a general account current, was inclosed in a letter from the plaintiff to the defendants with the request that the latter would remit the balance of $3,028.44. On the twenty-second of September, 1881, the defendants acknowledged the receipt of the statement, and in reply wrote that they were very much pressed with business, but in a few days would look over the statement carefully, and give their views on the matter. On the third of October, 1881, the plaintiff drew a sight draft for the amount of the balance, and on the same day, through his agent, wrote again: "We have nothing from you in regard to your account sales for cotton." On the fourteenth of October the

plaintiff again complained that he had received no statement of errors in the account, and on the 20th the plaintiff telegraphed defendants to send statements of any objections they have to the account. It appears from the evidence that communication by mail could be had between Augusta and New York in two days. See *Wiggins* v. *Burkham,* 10 Wall. 129.

An account rendered, and not objected to within a reasonable time, is to be regarded as admitted by the party charged as *prima facie* correct. The principle which lies at the foundation of evidence of this kind is that the silence of the party to whom the account is sent warrants the inference of an admission of its correctness. The inference is more or less strong, according to the circumstances of the case. It may be repelled by showing facts which are inconsistent with it; as that the party was absent from home suffering from illness, or expected shortly to see the other party, and intended and preferred to make his objections in person. Other circumstances of a like character may be readily imagined. It will not do, however, for a commission merchant to say that his business prevents him from looking over an account contracted in the course of that business; nor is it the custom of merchants who intend to pay an account to say: "We will look over it in a few days, and then give you our views on it." Unless objected to within a reasonable time, (and what constitutes such reasonable time is a question of law,) an account rendered becomes an account stated, and cannot be impeached, except for fraud or mistake. *Oil Co.* v. *Van Etten,* 107 U. S. 334; S. C. 1 Sup. Ct. Rep. 178; 1 Story, Eq. § 526; *Lockwood* v. *Thorne,* 11 N. Y. 173; S. C. 18 N. Y. 288–290; *Stenton* v. *Jerome,* 54 N. Y. 484.

The supreme court of the United States, on this general subject, have held that the failure of a party receiving a letter to reply within a reasonable time after he received it was to raise a presumption that he approved of what had been done, so far as the letter informed him; and, in the absence of anything to rebut that presumption, he was to be regarded as having consented thereto. *Feild* v. *Farrington,* 10 Wall. 141. The supreme court of Georgia have adopted this ruling, (*McLendon* v. *Wilson,* 52 Ga. 48,) and reaffirmed it, (*Bray* v. *Gunn,* 53 Ga. 148.)

A stated account, however, is not conclusive; but when it is admitted in evidence the burden of showing its incorrectness is thrown on the other party. He may prove fraud, omission, and mistake, and in these respects he is in nowise concluded by the admissions implied from his silence after it was rendered. *Wiggins* v. *Burkham,* 10 Wall. 132; *Perkins* v. *Hart,* 11 Wheat. 256. It follows, therefore, that the auditor was justified in giving to the account stated the weight of evidence *prima facie.* He was also justified in correcting an error. *Bray* v. *Gunn,* 53 Ga. 144. I am of the opinion, therefore, that the auditor had the evidence before him to support his finding; nor do I think that his reductions of the plaintiff's demand im-

proper; nor that the defendant can justly complain of the plaintiff's refusal to hold his cotton to warrant him in making sales for future delivery. The plaintiff furnished the money with which to buy the cotton, and while, ordinarily, factors are generally bound to obey all orders of their principal, yet when they have made large advances, or incurred expenses on account of consignments, the principal cannot, by any subsequent orders, control their right to sell at such a time as, in the exercise of a sound discretion, and in accordance with the usage of trade, they may deem best to secure indemnity to themselves, and to promote the interest of the consignor; they acting, of course, in good faith, and with reasonable skill. *Feild* v. *Farrington,* 10 Wall. 141.

It is true that a factor or other agent who is guilty of fraud or gross negligence in the conduct of his principal's business, forfeits all claims to commissions or other compensation for his services, (*Fordyce* v. *Peper,* 16 Fed. Rep. 516;) and, ordinarily, a factor who takes commissions from his principal, who employs him to sell, would violate his contract, should he also take commissions from the person to whom he sells, (Dos Passos, Brok. 224; *Baston* v. *Clifford,* 18 Amer. Rep. 549; *Raisin* v. *Clark,* 20 Amer. Rep. 66; *Lynch* v. *Fallon,* 23 Amer. Rep. 458; *Scribner* v. *Collar,* 29 Amer. Rep. 541;) nor could an agent employed to sell be himself the purchaser, (Code Ga. § 2186.)

Here, however, the plaintiff was not strictly a factor. It is very clear from the evidence that he was a general commission merchant; that his principal dealings were in dry goods; that he dealt largely with spinning mills and spinners, supplying them with cotton, which he frequently sold to them on time. He was neither a cotton factor, a cotton broker, nor a member of the cotton exchange in New York city; and it was clearly understood by the defendants that because of the peculiar facilities that the plaintiff had to dispose of the cotton to spinners, they would pay him a commission; and they not only understood that he was receiving commissions from the spinners, but they tacitly acquiesced.

The double agency was therefore clearly understood by both parties. The plaintiff furnished the means, not only to pay for the cotton, but frequently to give time to the spinners who bought from him. This was legitimate. *Rice* v. *Wood,* 18 Amer. Rep. 459; 3 Cent. Law J. 316; *Scribner* v. *Collar,* 8 Cent. Law J. 205; *Fritz* v. *Finnerty,* 10 Cent. Law J. 487. In fact, all the cotton purchased was the property of the plaintiff, and the defendants' profits were to be made by the use of his money; and it is not to be supposed that he would sell the cotton for less than its market value.

On the review of the whole case, I am satisfied that there is no error in the report of the auditor. It is therefore approved, and judgment directed for the amount of his finding.

### NOTE.

A broker cannot act as the agent of both parties to the transaction so as to be entitled to receive pay for his services from each, unless the parties understood his position, and expressly agreed to such payments. Robbins v. Sears, 23 Fed. Rep. 874.

One acting as broker or agent of both parties to an exchange of lands may not recover compensation from either, even upon an express promise, without clearly showing that each had full knowledge of all the circumstances, and assented to the double employment. Bell v. McConnell, 37 Ohio St. 396.