### CHINN v. LEWIN.

(Court of Appeals of District of Columbia. Submitted October 12, 1926. Decided December 6, 1926.)

No. 4428.

**1. Account stated ⟨=⟩6(2)—Account stated may be implied from debtor's silence after rendition of account for items of fixed value.**

An account stated may be implied where, after rendition of account for merchandise or items having a fixed market value, the debtor remains silent for a reasonably long period of time.

**2. Evidence ⟨=⟩219(1)—Retention of bill rendered for unreasonable time tends to establish implied admission of its correctness.**

Generally the retention of bill for unreasonable time is admissible as a circumstance tending to show implied admission of correctness of amount claimed.

**3. Account stated ⟨=⟩6(2)—Where bill rendered is for professional services or labor having no fixed market value, retention thereof is not implied admission of correctness.**

Where bill rendered is for professional services, or for labor which has no fixed market value, and where no previous agreement or contract as to amount to be paid is shown, retention of bill does not amount to implied admission of correctness of amount claimed.

**4. Estoppel ⟨=⟩90(3)—Client held not estopped to deny correctness of bill for attorney's fees.**

Client, in action on account stated for attorney's fees, *held* not estopped, on theory of implied acquiescence, to deny correctness of amount of bill previously rendered.

**5. Account stated ⟨=⟩19(3)—Evidence held insufficient to show account stated for attorney's fees.**

Evidence, consisting of correspondence and conversation between attorney and client, *held* insufficient to show an account stated for attorney's fees.

**6. Account stated ⟨=⟩5—Either express or implied agreement is essential to "account stated."**

To constitute an "account stated," there must be either an express or implied agreement as to amount due.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Account Stated.]

**7. Account stated ⟨=⟩18(1)—Pleading must allege that account was stated or agreed to.**

In pleading account stated, it must be alleged that account was in fact stated or agreed to.

**8. Account stated ⟨=⟩6(1)—Before acquiescence can be implied, circumstances surrounding submission of account must warrant inference that its correctness was approved.**

Before acquiescence of debtor can be implied, there must be circumstances in connection with submission of statement of account from which approval of its correctness may be inferred.

Robb, Associate Justice, dissenting.

Appeal from Supreme Court of District of Columbia.

Action on account stated by William M. Lewin against Elizabeth B. Chinn. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded.

J. S. Easby-Smith and F. W. Hill, Jr., both of Washington, D. C., for appellant.

W. G. Johnson and William Lewin, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia in favor of appellee, plaintiff below, in an action for attorney's fees upon an account stated.

Plaintiff's amended declaration, after a statement of the services rendered in connection with the settlement of an estate in which the defendant was interested, alleged as follows:

"And whereas, the said defendant afterwards, to wit, on the 17th day of March, 1925, accounted with the said plaintiff of and concerning the sum of money before that time due and owing from the defendant to the plaintiff, and then in arrear and unpaid, and upon such accounting the defendant was then and there found to be indebted to the plaintiff in the sum of $3,000, and being so found to be indebted to the plaintiff the said defendant undertook and promised to pay to the plaintiff the said sum, but did not pay the same. Wherefore the plaintiff brings this suit."

Defendant demurred to the declaration on the ground noted: "That the facts as stated in the declaration are not sufficient to constitute an account stated." The demurrer was overruled, and trial was had, resulting in a verdict and judgment for plaintiff for the full amount claimed.

It appears that on February 27, 1924, the defendant wrote to plaintiff, asking for his bill for services rendered. Plaintiff testified that shortly thereafter he saw defendant in his office, where the following conversation occurred:

"She came in, and I spoke of the purpose of my request for her to come, and I told her that my fee was $5,000; that I was certain that was a fair fee, but that I wanted, not only to treat her right, but to have her feel that she was treated fairly, and if it would conduce to kindly feeling and satisfaction on her part that— I left out something. She said, 'Oh, Mr. Lewin;' and I said, 'Just one moment, Miss Chinn; I was going to say that, if it would conduce to kindly feeling, I would be willing to reduce my charge to $3,000.' She did not say anything, and I do not think, if anything more was said, it was on the subject of the fee. She did not remain very long. She got up and left the office, and, of course, I walked to the door and opened the door for her, and, as she was leaving, I said, 'Miss Bertha, you have not indicated whether that charge was satisfactory to you.' Now, with apologies, I will say just exactly what occurred. She said, 'You tell Mrs. Lewin I did not fall on your neck, and she will be satisfied with that.' Now, that was all that was said on that occasion."

On March 10th, defendant wrote plaintiff a letter, stating that she had been thinking over the matter as plaintiff had asked her to do, and inquiring if she could not put the $3,000, the amount of the bill, on her federal estate tax. Defendant replied on March 13th, stating, among other things:

"I am glad that you have concluded to accept my fee as reduced. The entire charge is, I think, properly referable to the administration of the estate, and if a joint return is made by you and Mrs. Walker (defendant's sister) I see no reason why you should not both be allowed the benefit of the payment of fees as part of the expense."

Defendant replied by letter, dated March 14th, the material part of which is as follows:

"I came down to your office by your special request to talk over your charge. Now will you kindly at my 'special request' put down your charge in such a way that I may know the exact sum I am in for. Of course, you took my case on the distinct understanding that there was not much in it financially, and you never during the 6 mo. you were at work upon it suggested otherwise. But that is for your conscience, not mine. Now I would like you to consult with Mr. Chase, and look up the law of special bond, and give me your judgment upon his view of $2,500 for our joint attorney's fees for your yrs. & his work, because that was what you were both doing together. Mr. Fleming says that that is the only way for the bank to handle the check, and, if you two can't agree, we will have to get an arbitrator."

On March 17, defendant replied to this letter, and it is this reply upon which plaintiff relies for an account stated. The material parts of the letter are as follows: "While I supposed from your letter of March 10th, to which my letter of March 13th was in reply, that you understood the amount of my fee to be three thousand dollars ($3,000), I am inclosing a formal bill for that amount, as requested in your letter of March 14th." The letter further stated that plaintiff refused to become involved in the unhappy relations existing between defendant and her sister, and related a conversation with Mr. Chase in which he said: "That the $2,500 item was entered wholly without my knowledge (as I already knew), and (as I also knew) that I had, and have had, nothing whatever to do with it." The bill rendered on March 17th was not itemized, but stated a lump sum: "For professional services to date. * * * $3,000." This was followed by letters from plaintiff requesting payment on April 28th, May 5th, and May 12th, in the last of which suit was threatened if payment was not made by a specified date.

These are the facts on which plaintiff relies for the establishment of an account stated. We think the case can be disposed of on this assignment, without reference to other assignments of error involved in this appeal. [1] It clearly appears that there was no meeting of the minds of the parties, either express or implied, upon the amount due from defendant to plaintiff. An account stated may be implied from the conduct of the debtor in cases where the account rendered is for merchandise or items having a fixed market value, and where after rendition of the statement, the debtor remains silent for a reasonably long period of time. The rule of account stated is subject to many limitations. Originally it arose out of the

custom of merchants, and was confined by courts of chancery to merchants only. Freeland v. Heron, 7 Cranch, 147, 3 L. Ed. 297; White v. Campbell, 25 Mich. 463; Anding v. Levy, 57 Miss. 51, 34 Am. Rep. 435; Brown v. Kimmel, 67 Mo. 430; Rich v. Eldredge, 42 N. H. 153; Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780.

[2, 3] In many jurisdictions the rule is confined to transactions between merchants. In general, however, evidence of retention for an unreasonable time is admissible as a circumstance tending to show implied admission of the correctness of the amount claimed, to be considered in connection with all the other evidence in the case. But a different rule applies to a bill for professional services rendered or for labor performed which has no fixed market value, and where no previous agreement or contract as to the amount is shown.

The rule in this particular is well stated in Burlingame et al. v. Shelmire, 59 Hun, 615, 12 N. Y. S. 655, as follows:

"The general rule doubtless is that one who receives an account, and retains it without objection, will be deemed by his silence to have acquiesced in its correctness, and that it will become presumptively binding upon him. This presumption, however, is only one relating to the evidence, and may be overcome by setting up fraud of the party rendering it, or the mutual mistake of the parties. Avery v. Leach, 9 Hun, 106. But the cases relating to this subject are those where an actual account has existed between the parties. But in cases where the prices are not agreed upon, or where they are not fixed by the market, but depend solely upon personal services, the value of which is to be determined by the principle of quantum meruit, the general rule relating to accounts stated does not necessarily prevail. We think the rule is not applicable to the facts disclosed in this case.

"In Williams v. Glenny, 16 N. Y. 389, the plaintiff had performed services for the defendant as solicitor and proctor, and subsequently rendered a bill thereof to the defendant, in which he charged the gross sum of $150. About eight months thereafter the plaintiff brought an action to recover the value of such services on a quantum meruit, and proved such value to be largely in excess of the sum charged in the bill previously rendered. On putting in evidence the bill as rendered by the plaintiff, it was contended that the same was conclusive against the plaintiff, and the recovery should be limited to the sum then claimed. The decision was

otherwise. The court held that there was no estoppel pleaded or proved to preclude evidence of the actual value of the services. The question of the value of the services was held to be open to proof as a matter of fact. In the case of Harrison v. Ayers, 18 Hun, 336, an architect had presented a bill for prefessional services, which was retained sufficiently long by his client to permit the principle of an account stated to be applied, provided the nature of the claim was one to which it was applicable. The bill not having been paid, an action was brought for a much larger sum than was claimed to be due according to the terms of the bill, and a recovery was had for the actual value of such services, which was considerably more than the sum charged for in the bill originally rendered. The court there held, in accordance with the principle laid down in Williams v. Glenny, supra, that the right to compensation was still open, to be controlled by the evidence concerning the actual value of the services rendered."

[4] It logically follows that, if plaintiff is not estopped to sue on a quantum meruit for a greater amount than that stated in the bill rendered, which, in this instance, it appears was in the nature of a compromise in order to retain the friendship of defendant, defendant cannot be deprived of her right to defend on similar grounds against the amount named in the bill.

[5] The correspondence in this case totally fails to disclose any acquiescence on the part of defendant. Plaintiff concedes there was none in the first conversation held in his office. There was no acquiescence in her letter of March 14th, when she requested plaintff to put down the charge in such a way that she might know what she was in for, accompanied by an inquiry as to whether or not the joint fees of Mr. Chase and plaintiff could not be fixed at $2,500, concluding with the statement that, "if you two can't agree, we will have to get an arbitrator." This language is not indicative of acquiescence. Nor can the negotiations between the parties on this point be converted into an account stated by plaintiff's reply on March 17th to the effect that he supposed from her letter of March 10th that she understood the amount of the fee to be $3,000, with the inclosure of a formal bill for that amount.

The whole correspondence amounts to nothing more than the submission of a bill for professional services, over which there had been a sharp controversy as to the proper amount, followed by three written demands for payment, all within less than three months

before suit is brought. There is no way in which this can be held to constitute acquiescence on the part of the defendant, or be distorted into an account stated.

[6, 7] To constitute an account stated, there must be either an express or an implied agreement as to the amount due, and there must be an allegation that the account was in fact stated or agreed to. It is not sufficient, in the absence of the approval of the amount claimed by the defendant, to rely upon the mere fact that plaintiff had delivered to defendant a statement of the lump sum alleged to be due to which she had made no objection. This circumstance alone is not sufficient to establish the legal implication of acquiescence, in view of the fact that the amount, before delivery of the bill, had been the subject of discussion between the parties, and was sharply contested by the defendant. Contracts are not made this way. The mere sending of a statement by the creditor and the silence of the debtor are not sufficient. There is no meeting of the minds, either express or implied, an essential element of every valid contract.

[8] In other words, before acquiescence can be implied, there must be circumstances in connection with the submission of the statement of account, from which approval of its correctness by the debtor may be inferred, and in the case of an account for personal services the mere silence of the debtor is not sufficient. "It has been held that the doctrine arising from the rendition without objection of an account rendered does not apply as regards an account for personal services rendered without any express contract as to compensation, and the value of which is to be determined on the principle of quantum meruit." 1 Corpus Juris, 696.

Reliance is placed by counsel for plaintiff on Riley v. Mattingly, 42 App. D. C. 290. There suit was brought under the seventy-third rule. The affidavit of merit alleged that the bill for services was mailed eight months before suit, with an acknowledgment from defendant of the receipt of the bill and a promise by him to attend to it. These allegations were not denied in the affidavit of defense. This is a very different case, and without analogy to the situation here under consideration.

The judgment is reversed, with costs, and the cause is remanded for further proceedings consistent with this opinion.

ROBB, Associate Justice, is of the view that there was sufficient evidence to sustain the verdict and judgment in this case.