## MALTBY v. THOMPSON et al.
### No. 539.

Municipal Court of Appeals for the District of Columbia.

Oct. 2, 1947.

Fred A. Maltby, appellant, pro se.

No appearance for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, plaintiff below, sued for $225 alleged to be the value of legal services rendered by him for defendants. Trial was had without a jury and on June 5, 1947, the court entered finding for plaintiff for $100. On June 11 judgment was entered pursuant to the finding. On that day defendants filed a motion for new trial. Plaintiff moved to strike this motion because not filed within four days after finding as required by Municipal Court Rule 52A (b). On June 16,

the trial court overruled the motion for new trial. On June 21, the tenth day after entry of judgment, at 9:14 a. m., the plaintiff filed notice of appeal from the judgment. On the same day, between 11:00 and 11:30 a. m., the Clerk of Court received from the trial judge an order reciting that upon reconsideration of the case the court was of opinion that plaintiff had failed to meet the burden of proof and ordering on its own initiative that the judgment be set aside and a new trial had.

Our first question relates to the validity and effect of the order of the trial court setting aside the judgment and ordering a new trial. If it was effective, then the judgment from which appeal is taken no longer exists and the appeal would have to be dismissed. The answer to the question requires consideration of two court rules, one of this court and one of the trial court. Our Rule 27 (a) provides that notice of appeal in civil cases shall be filed "within 10 days from the date of the judgment or order appealed from." Municipal Court Rule 52A (e) provides:

"(e) On Initiative of Court. Not later than ten days after entry of judgment, the Court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party."

 It is seen, therefore, that the period fixed by our rule for noting an appeal is identical with the period fixed by the trial court for ordering a new trial on its own initiative. The two rules appear to be in conflict. It is well established in this and other federal jurisdictions that once an appeal is perfected the trial court is without power to order a new trial.[1] Yet by literal interpretation of the trial court rule, the trial court has power to order a new trial during the entire period fixed by our rule for noting an appeal. Thus, if an appeal were noted on the day after entry of judgment, the trial court would have power for nine days thereafter to order a new trial and thereby vacate or nullify the appeal. In other words, every notice of appeal would be provisional and become absolute only when the ten day period expired without action by the trial court. We do not think the rule of the trial court intended such a result. When that rule was enacted, our rule had been in force for nearly two years. The trial court was aware of our rule and of the statute giving this court power to regulate all matters relating to appeal,[2] and also aware of the general rule that the taking of an appeal deprives the trial court of jurisdiction to order a new trial; and we are confident the trial court did not intend that its rule should conflict with or limit our rule. Our conclusion is that the rule of the trial court, when read in the light of our rule, gives the trial court power to order a new trial on its own initiative not later than ten days after entry of judgment, *provided* no appeal from the judgment has in the meantime been noted. This is the only interpretation which will avoid a conflict between the rules of the two courts and it will be observed that this interpretation does not prevent the trial court from acting on its own initiative, for in the four days between verdict or finding and entry of judgment no appeal can be noted and in that period the trial court may act on its own initiative without restriction.[3] We hold that the appeal was effec-

---

[1] Lasier v. Lasier, 47 App.D.C. 80; Goldsmith v. Valentine, 35 App.D.C. 299; Miller v. United States, 7 Cir., 114 F.2d 267; Hall v. United States, 10 Cir., 78 F.2d 168; Midland Terminal Ry. Co. v. Warinner, 8 Cir., 294 F. 185.

[2] Code 1940, Supp. V, 11—772(b).

[3] It will be noted that Rule 52A (e) of the trial court is identical with Federal Rules of Civil Procedure rule 59(d), 28 U.S.C.A. following section 723c, excepting that the federal rule requires that the order specify the grounds therefor. The trial court rule thus in letter conforms to the federal rule. However, under the federal rules judgment ordinarily is entered forthwith on the verdict or finding, and a motion for new trial is permitted to be filed within ten days after entry of judgment. (Federal Rule of Civil Procedure 59(b). And the same period is allowed the trial court for acting on its own initiative. In other words, the federal court is permitted to act on its own initiative during the period, but only during such period, allowed a party for filing a motion for new trial. The Municipal Court retains the common law practice of not entering judgment until the fifth day after verdict or finding, and a motion for

tive and the order granting a new trial was ineffective.

Turning to the merits of the appeal, we find appellant asserting that as a matter of law he is entitled to a judgment for $225, the full amount claimed by him, and that the trial court was in error in allowing a recovery of only $100. In support of this assertion he urges two grounds.

■ It is first contended that the claim was one on an account stated and that the court had no authority to award a lesser sum. The evidence as to an account stated is that plaintiff presented Mrs. Thompson a bill for $250, that she said she would pay the bill if plaintiff would reduce the amount, that he agreed to accept $225 and she agreed to the amount and told him to come back in a few days. Assuming this testimony standing alone would support a finding of an account stated,[4] it did not require such a finding in view of defendant's testimony denying she agreed to pay such a sum. Mrs. Thompson admitted she told him to send the bill and she would pay it but she denied ever agreeing on any definite sum. Thus the existence of an account stated depended on disputed assertions of fact. The trial court was not bound to accept plaintiff's version. Furthermore, it is very questionable whether the case was tried on an issue of account stated. The case has all the ear-marks of a claim on a quantum meruit. The complaint alleged plaintiff's charges were fair and reasonable; plaintiff testified that the sum claimed was in his opinion fair and reasonable; and his attorney in closing argument to the trial court stated that the case was one "for services rendered, the reasonable value of those services." The court was not asked to rule, and was not compelled to rule, that an account stated was established.

■■ It is next contended that if no account stated was proved and the judgment was rendered on a quantum meruit basis, the trial court nevertheless was in error in allowing a recovery of only $100. Plaintiff testified that the reasonable value of his services was $225. There was no specific testimony contradicting this and plaintiff argues that the trial court was bound by the uncontradicted testimony. This argument assumes that the trial court found that plaintiff rendered all services he claimed, but we cannot accept this assumption because defendants denied many items of the claimed services. Moreover, plaintiff's testimony as to the value of his services was but the opinion of an expert; and the trier of facts, court or jury, is not bound by the testimony of an expert as to value, especially when such testimony comes from an interested party.[5] This rule applies to the value of legal services,[6] even when the testimony is uncontradicted.[7] The trial court was not bound to accept plaintiff's own estimation of the value of his services.

Affirmed.

new trial must be filed within four days after verdict or finding. Municipal Court Rule 52A (b). But the rule under consideration permits the court to act on its own initiative not later than ten days after judgment, the result of which is to give the trial court fifteen days after verdict or finding in which to act. Thus, the Municipal Court judge is given a greater period than allowed by the federal rule and may act after the period in which a motion may be filed has elapsed, contrary to the federal rule. We think the Municipal Court rule would be more in conformity with the federal rule if it limited the time for court action on its own initiative to the four day period allowed for the filing of a motion. Such a rule would avoid situations such as the one here presented.

[4] Cf. Chinn v. Lewin, 57 App.D.C. 16, 16 F.2d 512, 49 A.L.R. 1480.

[5] Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

[6] Head v. Hargrave, 105 U.S. 45, 26 L.Ed. 1028; Fuchs v. Aronoff, D.C.Mun. App., 46 A.2d 701.

[7] Campbell v. Green, 5 Cir., 112 F.2d 143; Wilson v. Manville, 194 Iowa 26, 188 N.W. 932.