**312**

**DALE HILTON, Inc., and Fashion Catalogues, Inc., Appellants,**

**v.**

**Joseph ROTWEIN, Appellee.**

**No. 1926.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 28, 1957.

Decided March 22, 1957.

Denis K. Lane, Washington, D. C., for appellants.

Oliver Ellis Stone, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action commenced as one on a promissory note for $3,000 executed by the two appellant corporations in favor of appellee, an attorney at law. The action terminated in a judgment for $2,200 in favor of the attorney on an account stated. This appeal questions (1) the propriety of permitting, at the close of the evidence, an amendment claiming under an account stated, and (2) the sufficiency of the evidence to support a finding of an account stated.

The evidence disclosed that the attorney had represented the two closely allied corporations from 1952 until the early part of 1955, and in the latter period he discussed with Mrs. Lit, president of both corporations, the question of compensation due him for his services. He proposed a fee of $5,000 which she considered high and she suggested a fee of $3,000. He agreed to this and she requested that he send a bill for that amount. Such a bill was sent on May 16, 1955. Two payments, the first for $500 and the second for $300, were made in May and July 1955. The check for $500 bore a marginal notation showing a statement of $3,000, a payment of $500, and a balance of $2,500. No further payments were made, apparently because a Mr. Murray, who had secured control of the corporations in April 1955, objected to further payments. On December 27, 1955, the attorney prepared a note for $3,000 payable to himself to be signed by the two corporations. This note was intended to cover the $2,200 balance of the previously rendered bill plus an additional $800 for services performed after rendition of the bill, and the lawyer hoped to obtain

Mr. Murray's personal guaranty of one-third of the note. Mr. Murray refused to give this guaranty, but Mrs. Lit executed the note on behalf of the corporations and mailed it to the attorney on March 26, 1956. No payments followed and this action on the note was filed a few months later.

■ With respect to the amendment to claim on an account stated, the record shows that when leave to amend was requested defendants' counsel objected on the ground that he was not prepared to meet such a claim, but then stated that if an adjournment were taken to allow him time to prepare, he would have no objection to the amendment. The court then permitted the amendment and allowed the adjournment. Under these circumstances, the objection to the amendment was waived.

■■ Appellants' second and principal contention is that the law of account stated does not apply to an account for personal services. Reliance is had on Chinn v. Lewin, 57 App.D.C. 16, 16 F.2d 512, 49 A.L.R. 1480. There it was held that the submission of a bill by a lawyer for professional services followed by three demands for payment, did not constitute an account stated. We do not understand that case to hold that under no circumstances can there be an account stated on an account for professional services.[1] Emphasis there was placed on the lack of an express or implied agreement as to the amount due. Here the attorney, before submitting his bill, discussed the matter with the president of the corporations. She agreed to a smaller amount than he originally suggested and requested him to send a bill for that amount. After the bill was submitted two payments were made on account. Thus there was an express agreement as to the amount and a recognition of that agreement by payments on account. There is no claim here that the

attorney's bill was exorbitant or that the clients' assent to it was obtained by any form of duress. See Spilker v. Hankin, 88 U.S.App.D.C. 206, 188 F.2d 35. Indeed Mrs. Lit testified that the bill was fair and that Mr. Murray said it would be paid if it was satisfactory to her, although he later changed his position. We think the evidence fully supported the finding of an account stated.

Affirmed.

---

1. See Rodkinson v. Haecker, 248 N.Y. 480, 162 N.E. 493.