**SINCLAIR REFINING COMPANY**

v.

**CONSOLIDATED VAN & STORAGE COMPANIES, Inc.**

**Civ. A. No. 6907.**

United States District Court
N. D. Georgia,
Atlanta Division.
Sept. 12, 1960.
Judgment Sept. 23, 1960.

Edwin L. Sterne, Walter G. Cooper, Atlanta, Ga., for plaintiff.

Cullen M. Ward, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The plaintiff has filed a motion for summary judgment and briefs were filed by each party. The Court directed plaintiff to file proposed findings of fact in the case, and for defendant to answer the same, which was done.

From the admissions made by defendant and from the undisputed evidence in the record, the Court finds as follows:

(1) Since the year 1933 plaintiff has been selling its products to individual dealers or filling station operators in the following manner: Purchasers holding credit cards from plaintiff would buy oil and gas from such dealers, signing an invoice for the same. These invoices were sent by the dealer to plaintiff company and it, at the end of each month, would send to the customer a statement accompanied by the original invoices having microfilmed the same for its own records. Plaintiff each month would pay the dealer the amount of the invoices, receiving in some way an assignment of the same from the dealer to the plaintiff.

(2) On September 24, 1954 plaintiff company issued to defendant herein a number of credit cards as aforesaid to be used by defendant's drivers, and said drivers over a period of time did use the same and statements were sent to defendant as aforesaid and payments made by defendant company.

(3) For a period of time from March, 1956 to December, 1956 inclusive, defendant did not pay these statements sent to defendant by plaintiff. The reason assigned for not paying the same is that during said period of time purchases were not made by defendant company but by Hamilton Moving and Storage Company, Inc. Defendant contends that it had sold out its business to Hamilton and therefore the latter, and not plaintiff, was the person liable for such purchases, with the exception of $4,488.15, which defendant now admits it is due to pay.

(4) Under the alleged sale of its business to Hamilton, defendant company continued along with Hamilton to participate in the profits of the business, Hamilton paying defendant ten per cent of gross receipts, and as between the parties, Hamilton was to pay for the gasoline and oil and not defendant. However, at the time of the alleged sale by defendant to Hamilton the following appears:

(a) Defendant did not notify plaintiff of any such sale, nor did defendant return to plaintiff the credit cards in the hands of defendant's drivers, but on the other hand defendant acquiesced in the continued purchases by such drivers with such credit cards.

(b) Plaintiff continued to send monthly statements to defendant which defendant received and even then did not notify plaintiff company of any such alleged sale, nor deny liability to the plaintiff company, and said company therefore continued to make sales upon the credit

of defendant company to the drivers upon the basis of such credit cards.

(c) It is not necessary for the Court to find that all of the said statements were mailed to defendant company from March, 1956 to December, 1956. Defendant company knew that such purchases were being made under the circumstances aforesaid. However, there is evidence that some statements were mailed to the same address as previously done, and that in all instances plaintiff's return address was placed upon its mail and that none of the statements were returned to plaintiff. Under the rules of circumstantial evidence there is no inference which may be drawn from all the evidence in the record to refute the mailing and receipt of the statements, or at least the mailing of the same.

(5) In its response filed April 11, 1960 to plaintiff's motion for a summary judgment, defendant contends there are four issues in the case, to wit:

1—Whether or not defendant is indebted to plaintiff in the sum sued for. In defendant's response filed June 9, 1960 to this motion for summary judgment, there is stated under Count One, admission No. 13, the following:

"It is not known that the defendant received all of the invoices listed in thirteen of the plaintiff's findings of fact, but it is assumed the amounts stated are correct in that that amount appeared on the invoice."

The Court finds that there is no issue in the case as to the amounts of the deliveries or the prices therefor.

2—A second issue alleged to exist is whether there have been valid assignments of the accounts. The record shows that through a long course of dealing plaintiff company each month paid the dealers the amount of the invoices sent to the plaintiff, and then billed the individual customers for the accounts and collected the same. While in most of the instances in this case there was an express assignment of the invoices made by the dealer to plaintiff company, in some instances no assignment was actually printed upon the same. However, since the plaintiff company paid the dealers the amounts of the invoices plaintiff company has a right to sue the individual customers for such accounts regardless of the fact that in some instances no written assignment was made. As stated above, however, this ruling only covers part of the account sued upon, as no question exists in most of the account as to the written assignment.

3—Defendant contends that there is an issue whether Hamilton is responsible for the purchases made while hauling furniture and goods for Hamilton Moving and Storage Company, Inc. The Court finds it is immaterial whether Hamilton should pay the defendant herein the amount of the invoices. Regardless of the fact that the oil and gasoline might have been put in trucks of Hamilton, it appears that Hamilton and defendant herein were engaged in certain joint operations and that defendant herein permitted Hamilton's drivers to use the credit cards issued by plaintiff to defendant. Plaintiff therefore acquiesced in the purchases by Hamilton by its drivers of the amount sued for by plaintiff, without notice to the plaintiff company of any agreement which the defendant and Hamilton might have as to pro rating these amounts. It appears without dispute that after this controversy arose defendant company and Hamilton got together and agreed as to the pro ration of the amount sued upon as between themselves, but this had no binding effect upon the plaintiff.

4—Defendant contends it is an issue of fact whether the plaintiff was guilty of delay, such as to constitute an estoppel to collect the account regardless of whether or not there was a universal custom. As stated above, it is not necessary that plaintiff prove without dispute that defendant company received all of the statements. Defendant contends that plaintiff is estopped by virtue of its delay in demanding payment. The Court finds there is not sufficient evidence in the record to justify a finding

by a jury that plaintiff is estopped to collect the account in question merely because plaintiff allegedly did not send statements to defendant company as defendant considers it should have done. Defendant company had knowledge that plaintiff was selling gas and oil to the drivers of Hamilton upon the basis of credit cards which defendant had furnished to the drivers. Defendant had a financial interest in Hamilton's operations. Defendant had not notified plaintiff to discontinue honoring the credit cards. Mere failure therefore of plaintiff to promptly mail statements to defendant did not work any estoppel against the plaintiff.

### Conclusions of Law.

1—The Court has jurisdiction of the parties and the subject matter.

2—Under the undisputed facts in this record defendant company is presumed to have admitted the correctness of the account sued upon, and is estopped to deny the same. See Georgia Code, § 38–120, § 38–409. Plaintiff is entitled to recover under Count One.

3—Defendant's failure to make objection to the statement sent to it as to the account entitles plaintiff to recover against defendant as upon an account stated under Count Two of plaintiff's petition. See Talcott v. Chew, 5 Cir., 27 F. 273; Field & Adams v. Reid, 21 Ga. 314; Heyward v. Ramsey, 31 Ga.App. 14, 121 S.E. 847; Russell v. Wineburg, 30 Ga. App. 319, 117 S.E. 666.

4—Plaintiff having continued to make sales to the various drivers through plaintiff's dealers and upon the basis of said credit cards, and defendant having acquiesced therein, defendant is now estopped and plaintiff is entitled to recover under Count Three. Merchants Grocery Co. v. Shawnee Milling Co., 86 Ga.App. 848, 72 S.E.2d 797.

Plaintiff's counsel is directed within ten days hereof to submit a judgment in accordance herewith. During said time counsel for either party may submit to the Court any alleged errors or omissions herein.

### Judgment on Findings of Court for Plaintiff.

The plaintiff having moved for summary judgment upon Counts One, Two and Three, and the Court having filed findings of fact, and conclusions of law that the plaintiff is entitled to recover upon Counts One, Two and Three, and all counts being alternative,

It is hereby Ordered and Adjudged that the plaintiff, Sinclair Refining Company, have judgment against the defendant, Consolidated Van & Storage Companies, Inc., in the sum of $11,592.36, together with interest thereon at the rate of seven per cent per annum from January 10, 1957 to the date of this judgment, amounting to $2,995.61, and future interest upon the principal amount of the judgment at the rate of seven per cent per annum, and for the plaintiff's costs and disbursements in this action, to be hereinafter taxed, on notice, and hereinafter inserted by the Clerk of this Court in the sum of ——— dollars.