**FIRST NATIONAL REALTY CORP.,**
Appellant,

v.

**IMPACT ADVERTISING INC., Appellee.**

No. 3549.

District of Columbia Court of Appeals.

Argued Oct. 5, 1964.

Decided Jan. 26, 1965.

Paul H. Mannes, Washington, D. C., for appellant.

Arthur M. Wagman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is from a judgment in favor of appellee, an advertising and public relations concern, for services rendered to appellant. The facts, relevant to this appeal, are that after the services were completed, appellee submitted a bill of $746.28 which was ignored by appellant. Sometime later the bill was resubmitted and was again ignored. Appellee then sued for $1,272.28. This sum included $525 for work which, although not included in the original bill, had been performed prior to its rendition. Appellee was awarded judgment for the full amount claimed.

Appellant's claim of error is that the rendition of the two bills constituted an account stated and that it was error to award judgment for a larger amount. The essential of an account stated is that "[a] balance must have been struck in such circumstances as to import a promise of payment on the one side and acceptance on the other."[1] The sending of the two bills may have imported an intention on the part of appellee to accept the amount as payment in full, but the mere sending of the bills by appellee imported no promise of payment on the part of appellant. It is true that under some circumstances lapse of time may convert an account rendered into an account stated;[2] but mere retention of the bill does not always imply an admission of its correctness and a promise to pay.[3]

The record shows that appellant at no time after receiving the bills indicat-ed in any way that it admitted the correctness of them. There was evidence that when appellee's president attempted to talk with appellant's president regarding the payment of the bill, the latter deliberately avoided any such discussion. When this action was brought appellant did not admit owing the smaller amount as shown by the bills, but denied owing any amount. Appellant cannot take the position that it was not bound by the account rendered but was free to contest the whole claim, and at the same time assert that appellee was bound by the account rendered. As we pointed out in Fraser v. Crounse, D.C.Mun.App., 45 A.2d 757 (1946), the rule of the binding effect of an account stated works both ways, and if one party is not bound, neither is the other party.

Here, on competent evidence the trial court found that appellee's claim in its entirety was a valid claim and awarded judgment accordingly. We find no error.

Affirmed.

1. R. H. Stearns Co. of Boston, Mass. v. United States, 291 U.S. 54, 65, 54 S.Ct. 325, 329, 78 L.Ed. 647 (1934).

2. Reed Research v. Schumer Co., 100 U.S. App.D.C. 179, 243 F.2d 602 (1957);

Riley v. Mattingly, 42 App.D.C. 290 (1914).

3. Chinn v. Lewin, 57 App.D.C. 16, 16 F.2d 512, 49 A.L.R. 1480 (1926).