**EXXON CORPORATION, Appellant,**

v.

**INTERNATIONAL CONCRETE COR-
PORATION, Appellee.**

**No. 8470.**

District of Columbia Court of Appeals.

Argued Sept. 19, 1974.

Decided March 26, 1975.

Phillip Leventhal, Bethesda, Md., for appellant.

Orie Seltzer, and Philip W. Deckelbaum, Washington, D.C., for appellee.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

REILLY, Chief Judge:

This is an appeal from a directed verdict in an action by a company, which issues credit cards honored by specified filling stations, to recover an unpaid balance from a cardholder in the amount of $2,624.60. At the conclusion of plaintiff's evidence, the trial court ruled that a demand for payment was an essential element to prove liability and that by neglecting to present proof of such demand, plaintiff had failed to establish a prima facie case.

On appeal, plaintiff contends that it did sustain this burden by introducing microfilmed copies of monthly statements it rendered to the defendant from the period October 1971 to February 1, 1972. These in turn were based on charge slips signed at different filling stations presumably by truck drivers employed by the defendant corporation—acknowledging receipt of itemized amounts of gasoline, oil, and other supplies. Each copy of the charge slips bore the imprint of a credit card (appar-

ently there were several) showing the serial number of the card and the name of the cardholder—in each instance, the defendant corporation.

After receiving testimony that in the regular course of business, the originals were in the hands of the dealers and the customers—the slips were signed on multiple business forms—the court admitted microfilmed copies of the slips and the statements after such documents were shown to and identified by an accountant from the plaintiff's credit department who was the only witness. This witness testified that no payment or even any response had been received with respect to the statements rendered during this particular period.

He also testified that after this lapse of time, he had turned over the unpaid account to a collection agency. There is no evidence, however, that this step was ever communicated to the allegedly delinquent customer or that such agency had sent any demand or notice to defendant. Nor does the record contain any contract or memorandum between the parties stating the terms and conditions with regard to the use of the credit cards.

The copies of the monthly statements, included in the exhibits constituting part of the record on appeal, contain three discernible sets of figures. The first total indicates the sum of the receipted charge slips for that particular month; the second reflects a "new balance" consisting of a total of the current charges plus any previous unpaid balance; the third figure represents a "revolving charge minimum payment due". This figure was adjusted upward in each new statement rendered.

Posted at the right side of the statements was the following admonition:

To avoid an additional finance charge, pay new balance within 25 days of statement date.[1]

Although appellant describes its action as a suit for breach of contract, the ab-

sence from the record of any contract means that whatever claim it has in this posture of the case must be on the theory of a cause of action resting on an account stated for goods sold and delivered. The charge slips and the computation of these charges in the monthly statements, if unrebutted, do establish one element of an action on account.

The essence of such an action, however, is that the party charging and the party to be charged have agreed or struck a balance from which an obligation to pay can be implied. First National Realty Corp. v. Impact Advertising Inc., D.C. App., 206 A.2d 579 (1965). In addition, where bills have been rendered, silence of the obligor may work to convert the rendered accounts into stated ones. *Id.* at 580 citing Reed Research v. Schumer Co., 100 U.S.App.D.C. 179, 243 F.2d 602 (1957). *See also* Sinclair Refining Co. v. Consolidated Van & Storage Cos., 192 F.Supp. 87 (N.D.Ga.1960).

It is generally recognized that a bill or invoice (even though termed a "statement") presented to the debtor is tantamount to a demand if it makes clear that the sum of the debits itemized is due and payable. The real issue then is whether the monthly statements received in evidence here were rendered with intent to make a final adjustment of the matters covered by it,[2] or were merely provisional advices not couched in the language of a present debt. Newburger-Morris Co. v. Talcott, 219 N.Y. 505, 512, 114 N.E. 846, 848 (1916).

The question here is a close one. On their face, these documents do not unequivocally state that payment was immediately due. The reference to a "revolving charge" could be viewed as not inconsistent with periodic statements made between parties dealing on an open account basis rather than an account stated. But the al-

---

1. *See* Plaintiff's Exhibit No. 6.

2. 1 C.J.S. Account Stated § 38 at 717 (1963).

lusion to "an additional finance charge" if payment were not made by a certain date smacks of an account rendered for a specified sum due and payable. In the absence of evidence showing a different understanding between the parties, it is difficult to draw any other inference.

In this state of the record, we have concluded that the trial judge acted prematurely in directing a verdict for the defendant because—viewed in its most favorable light—the documentary evidence introduced by the plaintiff did not fall fatally short of establishing a prima facie claim. Accordingly, we are compelled to set aside the directed verdict and order a new trial.

Reversed and remanded.